IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| THOMAS B. CRESSWELL, JR., and EVALYNN C. CRESSWELL, | )<br>)<br>) |
| Plaintiffs, | )<br>) CASE NO. 3:14-cv-01541<br>) JURY DEMAND |
| v. | )<br>) |
| PIEDMONT NATURAL GAS COMPANY, INC., SHEEHAN PIPELINE CONSTRUCTION COMPANY, | )<br>)<br>)<br>) |
| Defendants. | |

## PRO̶P̶O̶S̶E̶D̶ INITIAL CASE MANAGEMENT ORDER

Come now the parties, by counsel, and for their Proposed Initial Case Management Order, state as follows:

**A. JURISDICTION:** The Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

**B. BRIEF THEORIES OF THE PARTIES:**

PLAINTIFF: On June 12, 2013, Defendant Sheehan Construction Company ("Sheehan"), on behalf of Piedmont Natural Gas Company ("Piedmont"), was performing blasting in the area of the home of Plaintiffs Thomas and Evalynn Cresswell ("the Cresswells") as part of the construction of a natural gas transmission pipeline. Piedmont nor Sheehan ever notified the Cresswells that there would be blasting nearby.

In the late morning, near midday, on June 12, 2013, Mr. and Mrs. Cresswell were inside their home and heard a loud booming sound and felt the house shake. That same day, at approximately 5:03 p.m. on June 12, 2013, there was a considerably louder blast that shook the Cresswells' home even worse. Mrs. Cresswell and the Cresswells' adult daughter were inside the

home at the time of the second blast and felt their house shake. The vibration of the house made them anxious for their safety. It was so alarming that Mrs. Cresswell began contacting neighbors at that time to see if they felt the blast. Several of the Cresswells' neighbors had, in fac,t heard the blast and said they felt their homes shake as well.

Within a short time after the blasting, the Cresswells began noticing significant cracking and separation around ceiling, door, window, and floor trim, horizontal and vertical cracking in corners and at some door frames, cracks in exterior bricks, as well as other damage to their home.

The blasting done by Sheehan and Piedmont was the direct cause of the structural and aesthetic damage to the Cresswells' home.

DEFENDANT: Neither Piedmont Natural Gas Company, Inc. or Sheehan Pipeline Construction Company performed any blasting at or near the property owned by the plaintiffs on June 12, 2013. Instead, Sheehan Pipeline Construction Company contracted with Dykon Blasting Corporation to conduct the needed blasting for the installation of the pipeline in question. In any event, any and all blasting conducted on this project, including the blasts of June 12, 2013, were all well within the compliance standards of the Tennessee Blasting Standards Act and all other applicable state and federal blasting regulations. The defendants have asserted and will rely upon the defenses that any alleged damage such as cracking and separation of trim, bricks, etc. of the plaintiff's home would not be related to the blasts of June 12, 2013 due to the minimal levels of vibration that could have potentially reached the plaintiff's property.

C. **ISSUES RESOLVED:** Jurisdiction and venue.

D. **ISSUES STILL IN DISPUTE:** Liability and damages.

E. **INITIAL DISCLOSURES:** The parties shall exchange initial disclosures pursuant to Fed.Civ.P. 26(a)(1) on or before October 15, 2014.

F.  **DISCOVERY:** The parties shall complete all written discovery and depose all fact witnesses on or before February 16, 2015. Discovery is not stayed during the dispositive motions, unless ordered by the Court. No motions concerning discovery are to be filed until after the parties have conferred in good faith. Discovery motions are to be briefed in accordance with the practice of the magistrate judge who will resolve any dispute(s).

G.  **MOTIONS TO AMEND:** The parties shall file motions to amend on or before December 1, 2014.

H.  **DISCLOSURE OF EXPERT WITNESSES:** The plaintiff shall identify and disclose all expert witness reports on or before April 15, 2015. The defendant shall identify and disclose all expert witnesses and reports on or before May 15, 2015. Rebuttal experts, if any, shall be identified and disclosed (along with expert reports) on or before June 15, 2015.

I.  **DEPOSITIONS OF EXPERT WITNESSES:** The parties shall depose all expert witnesses on or before August 17, 2015.

J.  **JOINT MEDIATION REPORT:** The parties shall file a joint mediation report on or before October 1, 2015.

K.  **DISPOSITIVE MOTIONS:** The parties shall file all dispositive motions on or before October 1, 2015. Responses to dispositive motions shall be filed within twenty-one (21) days after the filing of the motion. Briefs shall not exceed twenty (20) pages. Optional replies may be filed within fourteen (14) days after the filing of the response and shall not exceed five (5) pages.

L.  **ELECTRONIC DISCOVERY:** The parties will reach an agreement on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

M. **TRAIL DATE AND ESTIMATED TRIAL TIME:** The parties expect this trial to last approximately three (3) days. This action is set for a jury trial on February 2, 2016 at 9:00. Final pretrial conference January 22, 2016 at 3:00 pm

It is so ORDERED.

_____
WILLIAM J. HAYNES, JR.
UNITED STATES DISTRICT JUDGE

9-18-14

APPROVED FOR ENTRY:

s/ Jason D. Holleman
Jason D. Holleman (TN BPR 19806)
Jones Hawkins & Farmer, PLC
150 Fourth Avenue North, Suite 1820
Nashville, Tennessee 37219
jholleman@joneshawkinsfarmer.com


s/ Slade Sevier
Slade Sevier (TN BPR 23013)
Adams and Reese, LLP
424 Church Street, Suite 2700
Nashville, Tennessee 37219
slade.sevier@arlaw.com


s/ Keith W. Blair
Keith W. Blair (TN BPR15366)
Taylor, Pigue, Marchetti, & Blair, PLLC
2908 Poston Avenue
Nashville, Tennessee 37203
kblair@tpmblaw.com